


U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 2 1996
NANCY DOHERTY, CLERK
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

STEVEN PRICE, BRUCE LAXER,
JEFFREY FISHMAN, and
LANCE KUBA, on behalf of
themselves and all other
similarly situated persons,

    Plaintiffs,

v.                        No. 3:96-CV-2150-T

PINNACLE BRANDS, INC.,

    Defendant.

## ORDER REGARDING RICO CLAIM

On July 31, 1996, Plaintiffs filed their original complaint. The complaint asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. This standing order has been designed to establish a uniform and efficient procedure for processing this case.

Plaintiffs must file **within twenty days** of the file date of this order a RICO case statement. This statement shall include the facts Plaintiffs are relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by FED. R. CIV. PROC. 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962 (a), (b), (c), or (d).
2. List each defendant and state the alleged misconduct and basis of liability of each defendant.
3. List other alleged wrongdoers and state the alleged misconduct of each.
4. List the alleged victims and state how each victim was allegedly injured.
5. Describe the pattern of racketeering activity alleged for each RICO claim. The description of the pattern of racketeering must include the following information:
   a. List the alleged predicate acts and the specific statutes which were allegedly violated;
   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
   c. If the RICO claim is based upon the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. PROC. 9(b). Identify the time, place, and contents of the alleged misrepresentations, and the identity

of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and,

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function, and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers, or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

  e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and,

  f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and,

      b.    Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.    State who is employed by or associated with the enterprise; and,

      b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state law claims, if any.

20. Provide any additional information that might be helpful to the Court in processing the RICO claim.

**IT IS SO ORDERED.**

Signed this  1st  day of August, 1996.

_____
Robert B. Maloney
U.S. District Judge