

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

STEVEN PRICE, BRUCE LAXER,
JEFFREY FISHMAN, and
LANCE KUBA, on behalf of
themselves and all other
similarly situated persons,

    Plaintiffs,

v.    No. 3:96-CV-2150-T

PINNACLE BRANDS, INC.,

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss filed by Defendant Pinnacle Brands, Inc. The motion is opposed. After considering the motion, the response, the reply, the complaint, and the RICO case statement, the Court is of the opinion that the motion should be granted.

Plaintiffs filed this purported class action against Defendant Pinnacle Brands, Inc., under the Racketeer Influenced and Corrupt Organizations Act. They contend that Pinnacle is engaged in an enterprise of illegal gambling which caused them harm; namely, that Pinnacle is engaged in a gambling conspiracy with Major League Baseball Properties, Inc., Major League Baseball Players Association, National Football League Properties, Inc., National Football League Players Properties, Inc., National Football League Players,

Inc., NFL Quarterback Club, Inc., NHL Enterprises, Inc., NHL Players' Association, and other sports entities.

Pinnacle is one of the largest manufacturers of sports trading cards, particularly in the area of football, motor sports, baseball, and hockey. Plaintiffs allege that Pinnacle markets its cards by randomly inserting one or more valuable "chase cards" in sealed packages containing six to twenty cards. Chase cards are so called because they are rare and collectable, and the theory goes that purchasers chase these cards by purchasing multiple packages. The odds of obtaining a chase card are printed on the package. Plaintiffs contend this meets the definition of gambling, which requires consideration (the price of the pack), chance (chase cards are obtained by chance), and prize (chase cards have value). *See Wink v. Griffith Amusement Co.*, 100 S.W.2d 695, 701 (Tex. 1936).

Pinnacle contends that the gist of Plaintiffs' complaint is that they and their children "gamble." "Rather than quit if they find it offensive, Plaintiffs have elected instead to sue Pinnacle, the purported cause of their 'habit.'" Pinnacle moves to dismiss pursuant to Rule 12(b)(1) or 12(b)(6) for lack of standing or failure to state a claim. Pinnacle contends that Plaintiffs cannot plead facts sufficient to state a claim or allege standing under RICO.

On a motion to dismiss, the Court accepts as true all well-pleaded facts and views them in the light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th

Cir. 1995). However, the court will not accept conclusory allegations in the complaint as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). A claim will not be dismissed unless it appears that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *Campbell*, 43 F.3d at 975.

Where an attack on jurisdiction pursuant to Rule 12(b)(1) is also an attack on the plaintiff's federal cause of action, the Court must deal with the challenge as an attack on the merits of the claim. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Therefore, the Court will consider Pinnacle's attack on standing using Rule 12(b)(6) standards.

To state a claim under RICO, the plaintiff must allege: (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 (1985). To have standing to recover under RICO, the plaintiff must have been injured in his business or property by the conduct constituting the violation. *Id.* If the plaintiff has not suffered damages or the damages are merely speculative, the plaintiff does not have standing to sue under RICO. *In re Taxable Municipal Bond Securities Litigation*, 51 F.3d 518, 521 (5th Cir. 1995).

In this case, Plaintiff contends that the purported class has sustained damages by Pinnacle's illegal gambling activities. "The

amount of damages is the consideration paid by plaintiffs and the members of the class for the cards."

Pinnacle contends these damages are mere conclusory allegations and insufficient to allege RICO standing. *See Elliot v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). It contends that Plaintiffs are unable to plead cognizable RICO injury because they are not injured by virtue of their voluntary participation in a purchase for which they received their bargained for consideration. "They got exactly what they paid for and they do not and cannot allege otherwise." The Court agrees.

To have standing under RICO, Plaintiffs must suffer an economic injury which is concrete and particular and not speculative. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768-69 (2nd Cir. 1994) (RICO cause of action does not accrue until the amount of damages becomes clear and definite), *cert. den'd*, 115 S. Ct. 728 (1994); *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1310-11 (9th Cir. 1992) (holding not all injuries compensable and RICO requires "concrete financial loss"), *cert. den'd*, 113 S. Ct. 1644 (1993); *Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 786-87 (9th Cir. 1992) (en banc) (decrease in value of property too speculative to recover), *cert den'd*, 113 S. Ct. 655 (1992); *Lui Ciro, Inc. v. Ciro, Inc.*, 895 F. Supp. 1365, 1380 (D. Hawai'i 1995) (not all injuries compensable under RICO); *Sheperd v. American Honda Motor Co., Inc.*, 822 F. Supp. 625, 627-630 (N.D. Cal. 1993) (multitude of factors may have

contributed to lost profits, and therefore damages too speculative under RICO and its treble damage provision); *but see Marty Schwartz, et al. v. The Upper Deck Company*, Cause No. Civ. 96-3408-B (AJB), 1997 U.S. Dist. LEXIS 2817 (S.D. Cal. March 11, 1997) (stretching to find potential RICO loss in similar case using New York and New Jersey state statutes). Plaintiffs do not allege that they received something different than precisely what they bargained for: six to twenty cards in a pack with a chance that one of the cards may be of Ken Griffey, Jr. Further, assuming that a pack does not contain a case card, Plaintiffs do not allege that the value of cards that they did receive is less than the consideration paid. *See In re Taxable Municipal Bond Securities Litigation*, 51 F.3d at 521; *Heinhold v. Perlstein*, 651 F. Supp. 1410 (E.D. Pa. 1987).

Although the Court generally disfavors motions pursuant to Rule 12(b)(6), Plaintiffs are represented by able counsel and have had three opportunities to articulate their damage theory—in the complaint, the RICO case statement, and brief in response of the motion to dismiss. Pinnacle should not be subjected to any further costs of litigation in this lawsuit. *See* FED. R. CIV. P. 1; *Castano v. American Tabacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996) (discussing potential for abuse of Rule 23); Janet Cooper Alexander, *Do the Merits Matter? A Study of Settlements in Securities Class Actions*, 43 STAN. L. REV. 497 (1991).

It is therefore **ORDERED** that the Motion to Dismiss filed by Defendant Pinnacle Brands, Inc., is **granted**.  Judgment will be entered accordingly.

Signed this 2nd day of April, 1997.

_____
Robert B. Maloney
U.S. District Judge